## A01A0288. AGGARWAL v. THE STATE.
### (545 SE2d 924)

ELDRIDGE, Judge.

Following a bench trial in Gwinnett County State Court, Rahul Aggarwal was found guilty of violating OCGA § 40-6-391 (k) (1), which provides that a "person under the age of 21 shall not drive or be in actual physical control of any moving vehicle while the person's [blood] alcohol concentration [("BAC")] is 0.02 grams or more." Aggarwal appeals from this conviction, claiming the trial court erred in denying his motion to suppress the results of his breath test because the implied consent notice he was given at arrest misled him as to the purpose of such test. Upon review, we affirm.

In pertinent part, the implied consent notice given to Aggarwal

---

reads as follows:

> Georgia law requires you to submit to state administered chemical tests of your blood, breath, urine, or other bodily substances for the purpose of determining if you are under the influence of alcohol or drugs. . . . If you submit to testing and the results indicate an alcohol concentration of 0.02 grams or more, your Georgia driver's license or privilege to drive on the highways of this state will be suspended and, if you are convicted of having such an alcohol concentration, will be revoked.

OCGA § 40-5-67.1 (b) (1).

Relying on the Supreme Court of Georgia's decision in *Kevinezz v. State*, 265 Ga. 78 (454 SE2d 441) (1995), Aggarwal contends that he consented to the test only for the purpose of determining whether or not he was "under the influence" of alcohol, which phrase is "universally recognized and understood" to mean whether he was "less safe to drive." Id. at 81 (2) (b). Therefore, Aggarwal contends, he was not put on notice that the breath test would be for the purpose of a per se 0.02 BAC prosecution, and the State's use of the test results for such prosecution exceeded the scope of Aggarwal's consent.

We find such argument unpersuasive. Aggarwal's reliance on *Kevinezz v. State*, supra, is misplaced. *Kevinezz* involved the elements of an indicted DUI offense and the State's burden of proof with regard thereto. The issue entailed a variance between what was proved and what was alleged in the indictment.[1] *Kevinezz* in no way addressed the substance of our statutory implied consent notice.

As to such notice, we have recognized that OCGA § 40-5-67.1 should be read in pari materia with OCGA § 40-5-55. *Radcliffe v. State*, 234 Ga. App. 576, 577-578 (507 SE2d 759) (1998). In that regard,

> any person who operates a motor vehicle upon the highways or elsewhere throughout this state shall be deemed to have given consent . . . to a chemical test or tests of his or her blood, breath, urine, or other bodily substances for *the purpose of determining the presence of alcohol* or any other drugs.

(Emphasis supplied.) OCGA § 40-5-55 (a).

---

[1] "The Court stated that 'the defendant has the right to rely on the specific manner of committing the crime that is alleged in the indictment.'" *Thompson v. State*, 243 Ga. App. 878, 879-880 (1) (534 SE2d 151) (2000).

So, consent to testing for the purpose of determining whether one is driving "under the influence" per the implied consent notice does not limit the State to prosecution solely under the "less safe driver" provisions of our DUI laws, but includes prosecution for the presence of alcohol under the per se BAC provisions as well. For those over 21, our legislature has determined that a 0.10 BAC is a per se violation, and the "over 21" implied consent notice specifically informs a driver that a 0.10 BAC will result in a violation. OCGA §§ 40-6-391 (a) (5); 40-5-67.1 (b) (2). Because of special concerns involving young drivers who illegally consume alcoholic beverages, our legislature has determined that a 0.02 BAC is a per se violation, and the "under 21" implied consent notice specifically informs a driver that a 0.02 BAC will result in a violation. OCGA §§ 40-6-391 (k) (1); 40-5-67.1 (b) (1). In both instances, the presence of the prohibited BAC renders the driver "under the influence" of alcohol for purposes of the implied consent notice.

In this instance, the "under 21" implied consent notice given to Aggarwal informed him that the purpose of the breath test was to determine whether he was driving "under the influence" of alcohol and that a 0.02 BAC would result in such violation. Accordingly, we do not find the implied consent notice misled Aggarwal as to the purpose of the breath test, and the trial court did not err in denying his motion to suppress it.

*Judgment affirmed. Andrews, P. J., and Miller, J., concur.*

DECIDED FEBRUARY 28, 2001 — 

*Head, Webb & Willis, Gregory A. Willis*, for appellant.

*Gerald N. Blaney, Jr., Solicitor, Gary S. Vey, Staci B. Melton, Assistant Solicitors*, for appellee.